# SUPREME COURT OF THE UNITED STATES

## JOHN JOSEPH DELLING *v.* IDAHO

### ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME COURT OF IDAHO

No. 11–1515.   Decided November 26, 2012

The petition for a writ of certiorari is denied.

JUSTICE BREYER, with whom JUSTICE GINSBURG and JUSTICE SOTOMAYOR join, dissenting from denial of certiorari.

The law has long recognized that criminal punishment is not appropriate for those who, by reason of insanity, cannot tell right from wrong. See 4 W. Blackstone, Commentaries on the Laws of England 24–25 (1769); *M'Naghten's Case*, 10 Cl. & Fin. 200, 8 Eng. Rep. 718 (1843). The insanity defense in nearly every State incorporates this principle. See *Clark* v. *Arizona*, 548 U. S. 735, 750–752 (2006) (noting that all but four States recognize some version of the insanity defense); R. Bonnie, A. Coughlin, J. Jeffries, & P. Low, Criminal Law 604 (3d ed. 2010) (same). If a defendant establishes an insanity defense, he is not criminally liable, though the government may confine him civilly for as long as he continues to pose a danger to himself or to others by reason of his mental illness. *Jones* v. *United States*, 463 U. S. 354, 370 (1983).

Idaho and a few other States have modified this traditional insanity defense. Indeed, Idaho provides that "[m]ental condition shall not be a defense to any charge of criminal conduct." Idaho Code §18–207(1) (Lexis 2004). Another provision of the same statute provides, however, that the above restriction is not "intended to prevent the admission of expert evidence on the issue of any state of mind which is an element of the offense." §18–207(3). And the Idaho courts have made clear that prosecutors are "'still required to prove beyond a reasonable doubt that a

defendant had the mental capacity to form the necessary intent."' 152 Idaho 122, 125, 267 P. 3d 709, 712 (2011) (quoting *State* v. *Card*, 121 Idaho 425, 430, 825 P. 2d 1081, 1086 (1991)). Thus, in Idaho, insanity remains relevant to criminal liability, but only in respect to intent. Insanity continues to have relevance at sentencing as well. A court must "receiv[e]" evidence of mental condition at sentencing and, if mental condition proves to be a "significant factor," must consider a string of issues deemed relevant to punishment, including, notably, "[t]he capacity of the defendant to appreciate the wrongfulness of his conduct." Idaho Code §19–2523 (Lexis 2004). In addition, if the court imposes a prison sentence on a person who "suffers from any mental condition requiring treatment," Idaho law appears to mandate that "the defendant shall receive treatment" in an appropriate facility. See §18–207(2).

Still, the step that Idaho has taken is significant. As that State's courts recognize, it "'may allow the conviction of persons who may be insane by some former insanity test or medical standard, but who nevertheless have the ability to form intent and to control their actions."' 152 Idaho, at 125, 267 P. 3d, at 712. That is, the difference between the traditional insanity defense and Idaho's standard is that the latter permits the conviction of an individual who knew *what* he was doing, but had no capacity to understand that it was wrong.

To illustrate with a very much simplified example: Idaho law would distinguish the following two cases. *Case One*: The defendant, due to insanity, believes that the victim is a wolf. He shoots and kills the victim. *Case Two*: The defendant, due to insanity, believes that a wolf, a supernatural figure, has ordered him to kill the victim. In *Case One*, the defendant does not know he has killed a human being, and his insanity negates a mental element necessary to commit the crime. Cf. *Clark*, *supra*, at 767–768 (offering a similar example of how mental illness may

rebut *mens rea*). In *Case Two*, the defendant has intentionally killed a victim whom he knows is a human being; he possesses the necessary *mens rea*. In both cases the defendant is unable, due to insanity, to appreciate the true quality of his act, and therefore unable to perceive that it is wrong. But in Idaho, the defendant in *Case One* could defend the charge by arguing that he lacked the *mens rea*, whereas the defendant in *Case Two* would not be able to raise a defense based on his mental illness. Much the same outcome seems likely to occur in other States that have modified the insanity defense in similar ways. For example, in *State* v. *Bethel*, 276 Kan. 456, 459, 66 P. 3d 840, 843 (Kan. 2003), the prosecution and defense agreed that under a similar Kansas statute, evidence that a schizophrenic defendant's "mental state precluded him from understanding the difference between right and wrong or from understanding the consequences of his actions . . . does not constitute a defense to the charged crimes."

The American Psychiatric Association tells us that "severe mental illness can seriously impair a sufferer's ability rationally to appreciate the wrongfulness of conduct." Brief for American Psychiatric Association et al. as *Amici Curiae* 15. And other *amici* tell us that those seriously mentally ill individuals often possess the kind of mental disease that *Case Two* describes—that is to say, they know that the victim is a human being, but due to mental illness, such as a paranoid delusion, they wrongly believe the act is justified. Brief for 52 Criminal Law and Mental Health Law Professors 10. In view of these submissions, I would grant the petition for certiorari to consider whether Idaho's modification of the insanity defense is consistent with the Fourteenth Amendment's Due Process Clause.