# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48136

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 28, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JASON LEE VERWER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Judgment of conviction and unified sentences of life with twenty-five years determinate for two counts of second degree murder, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Jason Lee Verwer appeals from his judgment of conviction and sentences for second degree murder. Verwer argues the district court abused its discretion in denying his motion in limine and in imposing excessive sentences. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2018, Verwer killed a young married couple when he drove his vehicle approximately 60 mph through Fruitland, swerved onto a sidewalk, and struck the couple. After hitting the couple, Verwer's vehicle crashed into parked vehicles, and then he walked away from the scene. The incident was recorded by a video surveillance camera and also witnessed by

1

several individuals. As a result of the incident, the State charged Verwer with two counts of second degree murder, Idaho Code §§ 18-4001, 18-4002, 18-4003(g).

The parties stipulated to the magistrate court ordering Verwer to undergo a psychological evaluation pursuant to I.C. § 18-211 to determine his mental capacity to understand the proceedings against him and to assist his counsel with Verwer's defense. Dr. Sombke evaluated Verwer; diagnosed him with major depressive disorder with psychotic features; but concluded "Verwer is currently competent to proceed in his court case" and "is able to adequately assist in his defense." Following a preliminary hearing, the magistrate court bound Verwer over to the district court.

Thereafter, Verwer retained Dr. Jorgensen, a neuropsychologist, to conduct a neuropsychological evaluation of Verwer "to better understand his state of mind at the time of the crime." After evaluating Verwer, Dr. Jorgensen diagnosed Verwer with schizoaffective disorder and opined that "Verwer's state of mind at the time of the crime was psychotic"; "he was unable to form express or implied malice"; and he did not show "an abandoned or malignant heart" or "deliberately intend to take away the lives of [the victims]."

The State then retained Dr. Novak, a psychiatrist, to perform a psychiatric evaluation of Verwer. Dr. Novak diagnosed Verwer with, among other things, major depressive disorder recurrent with psychosis. Dr. Novak opined that Verwer "was psychotic at the time of his alleged crime" but "acted with malice, was deliberate and did prior to and after understand what he did was wrong."

Following these evaluations, Verwer moved in limine for the district court to instruct the jury at trial "to consider an affirmative defense to the charges on the basis of mental disease or defect." Verwer's motion relied on Article I, §§ 3 and 6 of the Idaho Constitution and the Eighth and Fourteenth Amendments to the United States Constitution. In support of his motion, Verwer submitted the evaluations of Drs. Sombke, Jorgensen, and Novak; documents from a 2017 court case showing Verwer had previously been held on a mental commitment; and the transcript of the preliminary hearing in this case at which several witnesses testified about Verwer's behavior immediately after the incident.

The district court denied Verwer's motion in limine ruling that "the Idaho Supreme Court has clearly established there is no insanity defense in the State of Idaho and that I.C. § 18-207 is constitutional." Thereafter, Verwer conditionally pled guilty to both counts and reserved his

right to appeal the denial of his motion. The district court imposed concurrent, unified life sentences with twenty-five years determinate.

Verwer timely appeals his judgment of conviction and his sentences.

## II.

## ANALYSIS

### A. Insanity Defense

On appeal, Verwer argues the district court abused its discretion by denying his motion in limine requesting a jury instruction that a mental disease or defect is an affirmative defense to second degree murder. Trial courts have broad discretion when ruling on a motion in limine. *State v. Richardson*, 156 Idaho 524, 527, 328 P.3d 504, 507 (2014). Accordingly, we review the trial court's decision to grant or deny a motion in limine for an abuse of discretion. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Idaho Code § 18-207(1) provides that "mental condition shall not be a defense to any charge of criminal conduct." The statute, however, still requires the State to prove criminal intent and allows the defendant to rebut the State's evidence of intent:

> Idaho Code § 18-207 does not remove the element of criminal responsibility for the crime. The prosecution is still required to prove beyond a reasonable doubt that a defendant had the mental capacity to form the necessary intent. Idaho Code § 18-207 merely disallows mental condition from providing a complete defense to the crime and may allow the conviction of persons who may be insane by some former insanity test or medical standard, but who nevertheless have the ability to form intent and to control their actions. That statute expressly allows admission of expert evidence on the issues of mens rea or any state of mind which is an element of the crime.

*State v. Card*, 121 Idaho 425, 430, 825 P.2d 1081, 1086 (1991).

The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment does not require states to adopt an affirmative defense based on a mental condition. *Kahler v. Kansas*, ___ U.S. ___, ___, 140 S. Ct. 1021, 1024 (2020) ("[W]e hold that the absence of the insanity defense in capital cases does not violate any constitutional protections."). Meanwhile, the Idaho Supreme Court "has confirmed the constitutional validity of I.C. § 18-207

3

in a number of opinions." *State v. Delling*, 152 Idaho 122, 126, 267 P.3d 709, 713 (2011) (noting I.C. § 18-207 does not deprive defendant of due process rights under either state or federal Constitution); *see also State v. Oxford*, 167 Idaho 515, 523, 473 P.3d 784, 792 (2020) (citing I.C. § 18-207 with approval).

Mindful of these authorities affirming the constitutional validity of I.C. § 18-207, Verwer nevertheless "asserts that a jury should have been given the opportunity to determine whether [Verwer] was morally culpable for the acts he committed during his psychotic state" and "whether he understood the difference between right and wrong." Verwer, however, has failed to show the district court abused its discretion because he has not presented any argument that the Idaho Supreme Court or the United States Supreme Court has not already rejected.

**B.      Excessive Sentences**

Verwer also argues the district court abused its discretion by imposing excessive sentences. Where a sentence is not illegal, the appellant has the burden to show it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Verwer argues his sentences are excessive in light of the mitigating factors, including his mental illness and remorse. The record shows the district court was aware of these factors when sentencing Verwer. For example, the court noted Verwer acknowledged remorse and considered his mental health evaluations. Although the court agreed Verwer was "psychotic and in a

4

paranoid state" at the time of the crime, it found he could distinguish between right and wrong and was in control his behavior.

Additionally, the district court concluded Verwer presented a high risk of future criminal conduct as stated in both the presentence investigation report and the various mental health evaluations; the crime was "a heinous, completely horrible set of facts and circumstances"; and Verwer has a past criminal record of violence. Finally, the court also considered Verwer's age, treatment, and medication to reduce the threat presented to the community. The court, however, found Verwer had a recurring failure to take his antipsychotic medication, and his continued use of cannabis posed concerns he may commit another crime.

That the district court did not elevate the mitigating factors over the need to protect society does not establish an abuse of discretion. *See State v. Felder*, 150 Idaho 269, 276, 245 P.3d 1021, 1028 (Ct. App. 2010) ("[W]hile the mitigating factors identified by [the defendant] may have some relevancy to sentencing, a court is not required to assess or balance all of the sentencing goals in an equal manner."). The court properly considered the sentencing objectives of protecting society and of achieving punishment, deterrence, and rehabilitation. *See Toohill*, 103 Idaho at 568, 650 P.2d at 710 (identifying sentencing objectives). Accordingly, we cannot say the court abused its discretion in sentencing Verwer.

### III.
### CONCLUSION

The district court did not abuse its discretion in denying Verwer's motion in limine. Further, the court did not abuse its discretion in sentencing Verwer. Accordingly, we affirm Verwer's judgment of conviction and his sentences.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.

5