**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

TERANCE SCOTT CARPENTER,
        *Defendant-Appellant.*

No. 10-30146

D.C. No.
3:08-cr-00049-JO-1

OPINION

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, Senior District Judge, Presiding

Submitted May 10, 2012*
Portland, Oregon

Filed May 22, 2012

Before: Alex Kozinski, Chief Judge, Richard C. Tallman and
Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Michael R. Levine and Matthew G. McHenry, Levine & McHenry LLC, Portland, Oregon, for appellant Terance Scott Carpenter.

S. Amanda Marshall, Kelly A. Zusman and Stephen F. Peifer, Office of the United States Attorney, Portland, Oregon, for appellee United States of America.

## OPINION

PER CURIAM:

Terance Carpenter was convicted of five counts relating to child pornography. He appeals on two grounds.

**1.** At Carpenter's trial, the prosecution rested its case-in-chief, and a discussion ensued among Carpenter, his lawyer and the trial judge about whether Carpenter would testify. Carpenter and his lawyer spoke privately, then returned to the courtroom. The judge asked for Carpenter's decision about

testifying, to which Carpenter's lawyer replied: "Your Honor, Mr. Carpenter tells me he wants to represent himself." Carpenter argues the district court erred in not holding a hearing on whether Carpenter made a knowing, voluntary and intelligent request for self-representation under *Faretta* v. *California*, 422 U.S. 806 (1975).

**[1]** To invoke his right to self-representation, a criminal defendant must assert that right in a manner that's "timely, not for purposes of delay, unequivocal, voluntary, [and] intelligent." *United States* v. *Maness*, 566 F.3d 894, 896 (9th Cir. 2009). Carpenter's request, to the extent his counsel's statement indicated a request, was both untimely and equivocal.

**[2]** "A demand for self-representation is timely if made before meaningful trial proceedings have begun." *United States* v. *Bishop*, 291 F.3d 1100, 1114 (9th Cir. 2002). A defendant's "failure to make a timely assertion of his constitutional right to self representation act[s] as a waiver of this right." *United States* v. *Schaff*, 948 F.2d 501, 503 (9th Cir. 1991); *see also Jackson* v. *Ylst*, 921 F.2d 882, 888 (9th Cir. 1990). Here, the first mention that Carpenter had told counsel he wanted to represent himself came at the end of the second day of trial, after the government had presented six witnesses and rested its case-in-chief. Therefore, as in *Schaff*, "[t]he district court did not err in denying [Carpenter's] untimely motion to proceed in pro se." *Schaff*, 948 F.2d at 503.

**[3]** Moreover, Carpenter failed to make an unequivocal request. To qualify as unequivocal, "[a] defendant must make an explicit choice between exercising the right to counsel and the right to self-representation so that a court may be reasonably certain that the defendant wishes to represent himself." *United States* v. *Arlt*, 41 F.3d 516, 519 (9th Cir. 1994). Carpenter himself never stated that he wished to represent himself—only his counsel suggested that. And, in context, even his counsel appeared to be indicating merely Carpenter's frustration with him on the issue of who would testify for the

defense. Regardless, Carpenter then engaged in direct dialogue with the trial judge about potential witnesses, yet never mentioned a desire to represent himself. And, the next morning, when the judge directly asked Carpenter whether he was "prepared to have [counsel] do the closing argument," Carpenter said: "Well, yes." In these circumstances, the district court could not have been "reasonably certain that the defendant wishe[d] to represent himself," *id.*, meaning that Carpenter failed to make an unequivocal request for self-representation.

**2.** Carpenter also argues the district court erred in denying his motion to dismiss as barred by the statute of limitations the first two counts against him. Those counts charged Carpenter with producing child pornography in violation of 18 U.S.C. § 2251(a) and permitting a minor child to engage in sexually explicit conduct in violation of 18 U.S.C. § 2251(b). Carpenter argues that, because these charges didn't involve any physical contact between him and the child, they don't fall under the extended statute of limitations for offenses involving the sexual abuse of a child found in 18 U.S.C. § 3283 and instead are subject to 18 U.S.C. § 3282's general five-year statute of limitations for non-capital offenses, which elapsed before Carpenter was indicted. He points to 18 U.S.C. § 2242, which is titled "Sexual Abuse" and requires "a sexual act," and 18 U.S.C. § 2243, which is titled "Sexual Abuse of a Minor or Ward" and has the same requirement.

**[4]** But neither of those statutes claims to *define* "sexual abuse." Title 18's only definition of that term is in 18 U.S.C. § 3509(a) and states: "For purposes of this section . . . the term 'sexual abuse' includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." That language easily encompasses what Carpenter's first two counts charged him with, and we find the definition the

appropriate one to use for purposes of section 3283's extended statute of limitations.

As both parties acknowledge, subsection 3509(a) was part of the same statutory section as the first extended statute of limitations for offenses involving sexual abuse of children. Congress then re-codified the sections as part of an effort to consolidate various statutes of limitations in a single chapter, so it makes little sense to detach the statutory definition in a way that would have the opposite effect of Congress's consistent efforts to *extend* the statute of limitations for crimes of sexual abuse against children.

Two other circuits have looked to subsection 3509(a)'s definition in similar contexts. *Mugalli* v. *Ashcroft*, 258 F.3d 52 (2d Cir. 2001), addressed the meaning of "sexual abuse of a minor" in order to determine whether Mugalli's crime qualified as an aggravated felony for purposes of immigration law. The Second Circuit found "the § 3509(a) definition . . . appropriate" in defining "sexual abuse," both because it's the definition offered in Title 18 and because it accords with common usage. *Id.* at 58-59.

**[5]** In *United States* v. *Coutentos*, 651 F.3d 809 (8th Cir. 2011), the Eighth Circuit found that producing child pornography involves "sexual abuse of a child" as used in section 3283's extended statute of limitations. The court applied subsection 3509(a)'s definition of "sexual abuse" in reaching that conclusion: "[T]he offense of producing child pornography involves the 'sexual abuse' of a child as that term is defined in § 3283. Accordingly, we conclude that § 3283 is the governing limitations period for the production charge." *Id.* at 816-17. Just like the crimes charged in Carpenter's first and second counts, producing child pornography need not involve physical contact with the victim.

**[6]** Carpenter concedes that *Mugalli* and especially *Coutentos* cut squarely against him. We join our sister circuits in

looking to subsection 3509(a) for a definition of "sexual abuse" under federal law, and find it the appropriate definition to use in applying section 3283's extended statute of limitations.

**AFFIRMED.**