**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50618 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00831-DSF-1 |
| v. | |
| GREGORY MACDONALD BERRY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted December 2, 2013
Pasadena, California

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

Gregory Berry (Berry) appeals his criminal conviction following a jury trial

during which he represented himself. Berry asserts that the district court erred by

granting his request to proceed *pro se*, alleging that his waiver of the right to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

counsel was equivocal. We review for clear error a district court's finding that a defendant's waiver of the right to counsel was unequivocal. *See United States v. Marks*, 530 F.3d 799, 816 (9th Cir. 2008).[1]

"To qualify as unequivocal, 'a defendant must make an explicit choice between exercising the right to counsel and the right to self-representation so that a court may be reasonably certain that the defendant wishes to represent himself.'" *United States v. Carpenter*, 680 F.3d 1101, 1102 (9th Cir.) (per curiam), *cert. denied*, 133 S. Ct. 679 (2012) (citation and alteration omitted). The record before us reveals that Berry's request was unequivocal. Throughout the proceedings, Berry repeatedly asserted his right to proceed without counsel. *See United States v. Robinson*, 913 F.2d 712, 714 (9th Cir. 1990) (holding a waiver unequivocal where a defendant expressed his preference to represent himself several times, albeit cagily, and was considered by the district court, after exhaustive examination on the question, to have made a clearly articulated choice). Once Berry confirmed his desire to proceed *pro se*, the district court judge conducted a *Faretta*[2] hearing.

---

[1] Counsel clarified at oral argument that Berry does not assert on appeal that he lacked competence to waive his right to counsel.

[2] *Faretta v. California*, 422 U.S. 806 (1975).

After being advised of the hazards of self-representation, Berry was asked if he still wanted to represent himself and he answered unequivocally, "Yes, your Honor, I do."  In these circumstances, the district court judge could be "reasonably certain" that Berry wished to represent himself, *Carpenter*, 680 F.3d at 1102, and that Berry had made an unequivocal request for self-representation.  *See Marks*, 530 F.3d at 817 ("[W]hile we suspect that Marks initially engaged in game playing, typical of a tax evader, in his responses to the court as to whether he waived his right to counsel, Marks finally answered unequivocally that he did not want a lawyer.") (citation and internal quotation marks omitted).

Berry concedes that his argument challenging the district court's finding of a prior conviction is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

**AFFIRMED**.